IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **ROBERT DALE WARE,** | § | |
| Plaintiff, | § | |
| | § | |
| | § | Civil No. 7:09-CV-156-O-KA |
| v. | § | |
| | § | |
| | § | |
| **78th DISTRICT COURT** | § | |
| Defendant. | § | |
| | § | |

## FINDINGS AND RECOMMENDATIONS

This matter comes before the undersigned pursuant to the Court's Order of Referral (Docket No. 6) for screening pursuant to 28 U.S.C. § 1915, a hearing if necessary, and recommendation. Plaintiff has been granted leave to proceed *in forma pauperis*. Plaintiff's Motion for Appointment of Counsel is pending. After reviewing Plaintiff's Complaint, I conclude that a hearing of the Motion to Appoint Counsel and the conducting of further proceedings in the case are unnecessary.

### Standard for Review

This *pro se* petition was filed by a former, but now released, inmate of the Texas penal system. Since it was filed pursuant to Plaintiff's request to proceed *in forma pauperis*, Plaintiff's petition is subject to review under §1915 (e) (2) and is subject to dismissal under Subsection (B) if the court determines that the action is frivolous or fails to state a claim on which relief may be granted. The Prison Litigation Reform Act ("PLRA") also added in §1915 (g), the "three strikes" rule. Furthermore, The court is also authorized to consider the sufficiency of the complaint under Federal Rule of Civil Procedure 12 (b) (6), on its own initiative. *Guthrie v. Tifco Indus.*, 941 F. 2d 374, 379 (5th Cir. 1991). In making §1915 (e) (2) or a Rule 12 (b) (6) determination, the Court must "accept all well pleaded averments as true and view them in the light most favorable to the plaintiff." *Rankin v. City of Wichita Falls*, 762 F. 2d 444, 446 (5th Cir. 1985).

### Gravamen of Complaint

The gravamen of plaintiff's complaint is that in his first conviction of a "lesser included offense" by a jury in the 78th District Court, the trial judge did not give a "lesser included offense" instruction to the jury before they deliberated. Conviction in the first case apparently lead to the second conviction for failing to register as a "sex offender." Plaintiff has served both sentences and is now released.[1]

---

[1] Plaintiff expressly alleges that he "did serve 30 yrs" of the sentence received in the very case of which he complains. Further he alleges that "both sentences was completed" referring to the second sentence he received in a subsequent case out of Huston [sic] County."

1

Nature of Case

It is unclear from Plaintiff's petition whether is brought as a habeas corpus petition under 28 U.S.C. §2254 or as a civil rights complaint under 42 U. S. C §1983.

Habeus Corpus Analysis

If filed under the former, it should be dismissed as moot[2] since the Plaintiff is no longer in custody under either of the two sentences he references in his petition.[3]

Civil Rights Analysis

Interpreting Plaintiff's petition as one for relief under §1983, I find that he wholly fails to allege a colorable cause of action. The named Defendant, the 78th District Court, is merely one of the arms of the judicial branch of the government of the state of Texas.[4]  It is not an juridical entity itself.  Nowhere in the Constitution or statutes of the State of Texas is a District Court given the capacity to "sue or be sued," a necessary condition for the waiver of sovereign immunity and a condition to being named as a party in a lawsuit.[5] Assuming that the Plaintiff intended to complain of the judge of the court, rather than the court itself, I find that the very act of which the plaintiff complains, the failure to give a "lesser included offense" charge to the jury that convicted Plaintiff was within the scope of the judge's official capacity as to which he has absolute judicial immunity.[6]

---

[2] Whether a case is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy. In the absence of its being raised by a party, this court is obliged to raise the subject of mootness *sua sponte*. *Donovan v. Air Transport District Lodge No. 146*, 754 F.2d 621, 624 (5th Cir. 1985).

[3] A habeas petitioner does not meet the statutory "in custody" requirement when he is no longer (and was not at the time he filed his petition) in custody pursuant to the conviction he attacks, and neither is he presently in custody pursuant to another conviction that is positively and demonstrably related to the conviction he attacks; this is so despite the fact that he was in custody pursuant to the positively and demonstrably related conviction at the time he filed his petition. *Thompson v. Collins*, 981 F. 2d 259 (5th Cir. 1993).

[4] Article 5, Section 1, Texas Constitution; see also Texas Government Code §24.181 that establishes the 78th District.

[5] *Darby v. Pasadena Police Department*, 939 F. 2d 311 (5th Cir. 1991).

[6] *Stump v. Sparkman*, 435 U. S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); *Bradley v. Fisher*, 80 U. S. (13 Wall) 335 (1872), *Forrester v. White*, 484 U. S. 219, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988).

Relief Sought

Finally, Plaintiff's petition fails to articulate any requested relief, whether damages or injunctive relief, but seems to want to have his conviction set aside. There is no direct right of appeal of a state conviction in the Federal Court. When a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction, sentence or incarceration, the complaint must be dismissed unless the plaintiff demonstrates that the decision resulting in his confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. CT. 2364, 129 L. Ed. 2d 383 (1994). Ware makes no claim that the decision resulting in his former confinements have been reversed, expunged or otherwise invalidated. Accordingly, his complaints relating to his confinements and his convictions are subject to dismissal as no cause of action has accrued.

Appointment of Counsel

As to the issue of appointment of counsel, I find that appointment of counsel will not cure the deficiencies of Plaintiff's Complaint. There is no automatic right to the appointment of counsel in a civil rights action filed by a litigant proceeding *in forma pauperis*. *E.g., Hulsey v. State of Tex.*, 929 F.2d 168, 172 (5th Cir. 1991); *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir.1982). No constitutional right to appointment of counsel exists in civil cases, even civil rights cases. See *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994) (per curiam). A district court is not required to appoint counsel unless "'exceptional circumstances'" exist. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987) (quoting *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986) (per curiam). Therefore, at the very least, before considering whether the assistance of counsel would benefit the plaintiff and/or the court by applying the Fifth Circuit's four *Jackson* criteria, at the very least the court should require that the petitioner allege a colorable claim. As reflected above, in this case the Plaintiff has not even alleged a "colorable claim."

Recommendations

Accordingly, I recommend to the District Court that appointment of counsel be denied and that Plaintiff's Complaint be dismissed pursuant to 28 U. S. C. § 1915 (e)(2)(B)(ii), and Rules 12(b)(1) and 12(b)(6) with prejudice to the refiling of the same without prior review by the Court.[7]

---

[7] I note that this Plaintiff has been issued a 2nd Strike under the "three strike rule" by the Western District of Texas (5:95-CV-830) after having been barred from filing any new cases unless leave is granted by the court or costs are paid in full (6:96-CV-79). Previous warnings concerning "frivolous" filings appears to have had no affect on this Plaintiff's willingness to abuse the *in forma pauperis* process. Nonetheless, Petitioner is HEREBY WARNED AGAIN that future frivolous filings could result in severe sanctions.

It is so ordered this 1st day of October, 2009

_____
Robert K. Roach
UNITED STATES MAGISTRATE JUDGE

Standard Instruction to Litigants

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).